Filed 8/15/23  P. v. Himed CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MUSSIE HIMED,<br><br>        Defendant and Appellant. | A161997<br><br>(Sonoma County Super. Ct.<br> No. SCR–712835–3) |

Defendant Mussie Himed appeals from an order that he pay impound and storage fees for a silver Chrysler van. Defendant contends the record contains insufficient evidence that the vehicle impounded was used to commit crimes for which he was convicted. We agree and reverse the order.

**FACTUAL AND PROCEDURAL BACKGROUND**

Early on the morning of February 8, 2018, defendant and four confederates committed two home invasion robberies in Sonoma County.[1]

The previous day, defendant's four confederates had flown to California from Virginia to commit the home invasion robberies. Defendant picked them up at San Francisco International Airport in a silver Chrysler van and dropped them off at a Motel 6 in Santa Rosa. Later, defendant picked them

---

[1] The facts of the offense are based on the preliminary hearing transcript.

1

up in the same silver van and took them to an apartment complex where defendant picked up some guns and the group switched from the silver van to a green van.

Defendant and his confederates used the green van to go to the two houses they robbed. At the first location, one of the robbers (not defendant) shot one of the victims. At the second location, defendant did not go into the house, and two of the robbers shot and killed a man.

After the second home invasion robbery, the group drove to Vallejo. Law enforcement located their vehicle by a "phone ping" of a cellphone taken from the second house. Vallejo police conducted a traffic stop of the green van, there was a high-speed chase, and the van crashed. Defendant and three of his confederates were arrested that day.[2] The green van (a Chevrolet Astro) was towed to the Sonoma County Sheriff's Office and processed for evidence. Several long guns, packages of suspected marijuana, additional firearms (some of the firearms were the ones the robbers used in the offenses while other firearms were stolen from the homes), and additional items, including a credit card that belonged to one of the robbery victims, were found in the green van.

In November 2020, defendant and the prosecution reached a negotiated disposition. Defendant pleaded guilty to second degree murder (Pen. Code, § 187) and six counts of residential robbery in concert (*id*., §§ 211, 213) and admitted a principal was armed with a firearm (*id*., § 12022, subd. (a)(1)) as to four of the robbery counts. In exchange, the prosecution agreed to a

---

[2] The fifth robber was arrested in June of 2018.

maximum sentence of 15 years to life and dismissal of the remaining charges.[3]

In December 2020, the trial court sentenced defendant to 15 years to life in state prison for murder and imposed concurrent terms for the remaining counts pursuant to the negotiated disposition.

In January 2021, the prosecution requested reimbursement of $6,975 in vehicle storage fees for a 2003 silver Chrysler Town and Country van stored for 465 days (from March 1, 2018, to June 12, 2019). Defendant filed an opposition to the request. Defendant argued, first, that the prosecution failed "to demonstrate that the Chrysler at issue is in fact a vehicle at one time possessed by [him]" and, second, that it made no showing the Chrysler was " 'used as a means of committing a public offense' " (Veh. Code, § 22655.5, subd. (a)).

At a hearing on the fee request, defense counsel argued that the prosecution "has provided nothing to the court to substantiate the idea that a Chrysler van seized is in fact the Chrysler van that was utilized by Mr. Himed to pick people up from the airport."

Evidence in the record showed the green Chevrolet Astro van (which was used in the robberies) was released from impound storage on March 31, 2019. The trial court found there was no need for the prosecution to keep the silver Chrysler van longer than the Astro van, but it found storing the silver van until March 31, 2019, was reasonable. Therefore, the court ordered defendant to pay storage and impound fees of $5,880 for vehicle storage through March 2019.

---

[3] Defendant had been charged with 28 counts, including one count of kidnapping and multiple counts of false imprisonment by violence and assault with a semiautomatic firearm.

Defendant timely filed a notice of appeal from the fee order.

**DISCUSSION**

Under Vehicle Code section 22655.5 (§ 22655.5), "[a] peace officer . . . may remove a motor vehicle from public or private property" when the officer has probable cause to believe "that the vehicle was used as the means of committing a public offense" (*id.*, subd. (a)). Section 22655.5 further provides, "In any prosecution of the crime for which a vehicle was impounded pursuant to this section, the prosecutor may request, and the court may order, the perpetrator of the crime, if convicted, to pay the costs of towing and storage of the vehicle . . . ." (*Id.*, subd. (d).)

The parties agree that the prosecution bore the burden to prove a factual basis for the fee request by a preponderance of the evidence. (See Evid. Code, § 115 ["Except as otherwise provided by law, the burden of proof requires proof by a preponderance of the evidence"].) The parties also agree that we review the trial court's order for abuse of discretion. This means the trial court's findings of fact are reviewed for substantial evidence, and "its application of the law to the facts is reversible only if arbitrary and capricious." (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711–712.)

Defendant contends the record does not establish the impounded silver Chrysler van was the van he drove to pick up his confederates at the airport the day before they committed the home invasion robberies. He points out that the record does not show the van he drove to the airport had the license plate or vehicle identification number of the impounded vehicle and that he never identified the impounded vehicle as the van he used to pick up the other robbers.

Defendant's contention has merit. We will assume for purposes of this appeal that defendant's silver Chrysler van was "used as the means of

4

committing a public offense" (§ 22655.5, subd. (a)) when defendant used the van to pick up his confederates, which, in turn, furthered their shared plan to commit home invasions robberies in the area. But nothing in the record shows the impounded vehicle was *that* van. There is no evidence, for example, that the impounded Chrysler van was found near defendant's residence or that it contained items belonging to, or connected with, defendant.[4] Indeed, there is no evidence at all about where, when, or why the vehicle at issue was impounded.

In short, the record lacks substantial evidence that the silver Chrysler van for which the prosecution seeks impound fees was, in fact, impounded by an officer who had probable cause to believe the vehicle was used to commit a crime for which defendant was later convicted. (§ 22655.5, subds. (a), (d).) Accordingly, we will reverse the fee order.

## DISPOSITION

The order of February 1, 2021, that defendant pay $5,880 in vehicle impoundment and storage fees is reversed.

---

[4] This contrasts with the record evidence regarding the green Astro van that also was impounded. At the preliminary hearing, one officer testified (based on a confederate's statements) that a green van was used for the home invasion robberies, that the robbers went to Vallejo after the robberies, and that they were involved in a high-speed chase with law enforcement in Vallejo on February 8, 2018. Another officer testified that a green Astro van was towed to the Sonoma County Sheriff's Office that afternoon. The officer photographed both the exterior of the impounded van, including its license plate number, and items found inside the van, including firearms and indicia of the robbery victims. This would have been sufficient evidence to support a request of fees for the impound and storage of a green Astro van *with the same license plate number* as the van impounded on the day of the robberies and which contained evidence of the robberies. There was no similar evidence linking the impounded silver Chrysler van to defendant or the crimes of conviction.

5

_____
Miller, J.

WE CONCUR:


_____
Stewart, P.J.


_____
Markman, J.*


A161997, *People v. Himed*


---

* Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.